THE PEOPLE, on the relation of Isaiah Start, *vs.* ONONDAGA C. P.

A *certiorari* to remove a judgment rendered by a justice of the peace may issue from the court of common pleas in which it is made returnable.

MOTION for a mandamus.   A *certiorari* was issued out of and under the seal of the court of *common pleas* of Onondaga county to remove into that court a judgment against the relator, rendered by a justice of the peace of that county. On the return of the *certiorari*, the common pleas quashed it on the ground that it ought to have issued from this court,

A mandamus was now asked for to vacate the rule quashing the *certiorari.*

*S. H. Hammond,* for the relator.

*Kellogg & Sanford,* contra.

*By the Court,* SUTHERLAND, J. Exclusive jurisdiction is given to the common pleas courts, as to reviewing judgments rendered by justices of the peace where the recovery does not exceed $25. The proceedings are to be returned into those courts, brought up by *certiorari.* The act, however, is silent whence the writ is to issue. A *certiorari,* it is said, is an *original writ,* and that it must issue from chancery or this court. We do not think that the *certiorari,* allowed by the statute in this case is an original writ: it is a statutory process authorized for a particular purpose. It is in the nature of a writ of error, and in accordance with the principle established in modern legislation relative to such writs, that they shall issue from the courts in which they are made returnable, we perceive no objection to the *certiorari* issuing from the common pleas. It is expressly enacted, that all writs of error shall issue out of the courts in which they may by law be made returnable; (2 R. S. 591, § 1 ;) and viewing this as a writ in the nature of a writ of error, we are of opinion that the common pleas erred in quashing the *certiorari* in this case. We therefore direct an alternative mandamus.